## Case No 12,506.

SCHWARZEL v. HOLENSHADE et al.

[3 Fish. Pat. Cas. 116; 2 Bond, 29.] [1]

District Court, S. D. Ohio. April, 1866.

PATENTS — INFRINGEMENT — DAMAGES — JUDICIAL DISCRETION.

1. The plaintiff may fail, from a lack of evidence, in proving infringements which would have justified the jury in finding damages to a larger amount, but this is the fault or misfortune of the plaintiff, and does not authorize the jury in finding more than the actual damages proved.

2. It has happened, and may occur again, that a meritorious inventor of a valuable improvement, after spending years of patient thought and toil in making it practically useful, and obtaining a patent for it, has been wantonly and unjustly pirated upon, and compelled, for the establishment of his rights, to engage in long, vexatious, and expensive litigation, in which, at last, the sum that may be awarded by the verdict of a jury may be wholly inadequate. In such a case the instincts of justice would demand of a judge that he should exercise the discretion vested in him by law, in trebling the damages.

[Cited in Welling v. La Bau, 35 Fed. 304.]

3. But when the plaintiff has no claim or merit as an inventor, but is the mere assignee of a patent, which he has purchased on speculation, the law will give him the actual damages which his evidence shows he has sustained, but will give him nothing more.

[Cited in Welling v. La Bau, 35 Fed. 304.]

This was a motion, under section 14 of the act of 1836, to treble the damages found by the jury in an action, on the case, for the infringement of letters patent [No. 41232] for a new and useful "improvement in grain separators," granted to John W. Free and Harrison Ogborn, January 12, 1864, and assigned to plaintiff [John Schwarzel], for the counties of Ross, Pike, Pickaway, Scioto, and Fayette, in the state of Ohio.

Bartley & Burnett, for the motion.
S. S. Fisher, contra.

OPINION OF THE COURT. A motion is made in this case for a judgment for treble the amount of damages found by the jury against the defendants, on the ground that the infringements of the plaintiff's patents, as proved on the trial, were wanton and willful, and that the damages are altogether inadequate. The action was brought for an infringement of the plaintiff's exclusive right, by purchase and assignment, in a grain separator or fanning machine, for five counties in the state of Ohio. The defendants [Jacob W.

---

1 [Reported by Samuel S. Fisher, Esq.; reprinted in 2 Bond, 29, and here republished by permission.]

Holenshade and Edward C. Morris] did not appear to defend the action, and in the early part of the present term of this court, a jury was sworn to assess the plaintiff's damages, as upon a default. The material facts proved on the inquiry to the jury were, that the plaintiff was the assignee of the right to make, use, and vend said machine in the counties of Ross, Pike, Pickaway, Scioto, and Fayette, in Ohio, and was largely engaged in the manufacture and sale of the same within said counties. It also appeared that the defendants were the assignees of an exclusive right to make, use, and sell said machines in six other counties of the state, some of which adjoined the counties in which the plaintiff had an exclusive right. It was proved on trial that the defendants had sold seven of the machines manufactured by them at Cincinnati, within the five counties before named, and that the plaintiff's profit on machines made and sold by him was fifteen dollars on each. This was the whole extent of the infringement proved, and the jury returned a verdict for one hundred and five dollars, being fifteen dollars for each machine sold by the defendants. The only evidence of these sales by the defendants was the admission of their agent, who made the sales; but the circumstances under which they were made were not disclosed by the evidence.

The only question for the court is, whether from these facts a case is made for the exercise of the discretion of the court in ordering a judgment to be entered for three times the amount of the damages returned by the jury. It is somewhat remarkable that in the almost countless reports of trials of patent right cases in the United States, there are so few in which the statute authorizing a judgment for treble damages has been presented for judicial consideration. It is inferable that but few cases have arisen in which a claim for an increase of damages has been urged. The legislation on this subject, from the first inception of our patent right policy, seems clearly to contemplate that cases may occur in which it may be proper for the court to increase the damages returned by the jury. By the first patent act, passed in 1790 [1 Stat. 109], an infringer was liable not only for the damages found by a jury, but also forfeited to the aggrieved party the infringing machine. By the act of 1793 [1 Stat. 318], it was provided that an infringer should forfeit and pay a sum equal to three times the price for which the patentee sold, or licensed to others, the use of the patented invention. The act of 1800 [2 Stat. 37] compelled an infringer to forfeit and pay the patentee a sum equal to three times the actual damage sustained. Thus the law stood until the act of 1836 [5 Stat. 117] was passed, and which, as applicable to the motion before the court, is still in force. Section 14 of this act essentially changes the previous legislation on this subject, and provides, where a verdict for damages has been rendered for an infringement of a patent right, "it shall be in the power of the court to render judgment for any sum above the amount found by such verdict as the actual damages sustained by the plaintiff, not exceeding three times the amount thereof, according to the circumstances of the case, with costs."

The question for the decision of the court is, therefore, whether the circumstances of this case require the court, in the exercise of a sound discretion, to treble the damages assessed by the jury. In every view I can take of the subject, I see no sufficient reason for granting the present motion. The statute expressly fixes the measure of the plaintiff's recovery to the "actual damages" he has sustained by the infringement. It is true, as declared by the supreme court of the United States, in the case of Seymour v. McCormick, 16 How. [57 U. S.] 480: "Where the injury is wanton or malicious, the jury may inflict vindictive or exemplary damages, not to recompense the plaintiff, but to punish the defendant." In the present case the jury returned a verdict for what they believed to be the actual damage sustained by the plaintiff from the infringement proved by the evidence. It is not controverted that upon even the most liberal estimate, the verdict is for a sum equal to the injury proved to have been sustained by the plaintiff. The facts did not justify the jury in giving a verdict for vindictive or exemplary damages; nor do they warrant the court in trebling the damages. From a lack of evidence on the part of the plaintiff he may have failed to prove infringements by the defendants, which would have justified the jury in finding damages to a larger amount than they returned, but this was the fault or misfortune of the plaintiff, and did not authorize the jury in finding more than the actual damages proved.

Cases may be readily conceived in which it would be the imperative duty of a court to exercise the discretion given by the statute, by increasing the damages. It has happened, and may occur again, that a meritorious inventor of a valuable improvement, after spending years of patient thought and toil, in making it practically useful, and obtaining a patent for it, has been wantonly and unjustly pirated upon, and compelled, for the establishment of his rights, to engage in long, vexatious, and expensive litigation, in which, at last, the sum that may be awarded by the verdict of a jury may be wholly inadequate as a compensation for the wrongs and injuries he has sustained. In such a case, the instincts of justice would demand of a judge that he should exercise the discretion vested in him by law, by trebling the damages, and thus, as far as practicable, doing justice to one, who, from the great utility of his invention, may be entitled to the name of a public benefactor. But clearly there is no such feature in the present case. The plain-

tiff has no claim or merit as an inventor, but is the mere assignee of a patented machine, the right to which he has purchased on speculation. The law under such circumstances will give him the actual damages which the evidence shows he has sustained, but will give him nothing more. The motion is overruled.