## Case No. 10,903.

### PEEK et al. v. FRAME et al.

[9 Blatchf. 194; 5 Fish. Pat. Cas. 113.] [1]

Circuit Court, S. D. New York.  Oct. 26, 1871.

PATENTS—INFRINGEMENT—AGGRAVATED CONDUCT OF DEFENDANT—INCREASE OF DAMAGES.

In this case, which was an action at law, for the infringement of letters patent, the plaintiff having had, at the trial, a verdict for $5,000, the court, regarding the conduct of the defendant as peculiarly aggravated, increased the damages to $7,500, as being a sum sufficient to cover the expenses of the trial, and something more, for the time and trouble of the plaintiff.

[Cited in Welling v. La Bau, 35 Fed. 304.]

[Motion for increase of damages in an action at law.

[Suit brought upon letters patent for an "improved machine for sawing thin boards," etc., granted to John Myers and Robert G. Eunson, May 23, 1854 [No. 10,965] and extended for seven years from May 23, 1868. The plaintiffs [Eben Peek and Gilbert J. Bogert] were the owners of the patent for that part of the city of New York lying west of Broadway and Eighth avenue. At the trial (before WOODRUFF, J.) the plaintiffs had a verdict for $5,000. They now made a motion for judgment in their favor for such sum as should be proper, above the amount found by the verdict, not exceeding three times the amount thereof.] [2]

The motion was founded upon an affidavit, made by one of the plaintiffs, setting forth the following facts: The plaintiffs bought their interest in the patent in 1864, and paid therefor a considerable sum of money for the original term, and afterwards for the extended term. The machine described in the patent is one of very great speed and efficiency, and two or three of the machines are capable of doing the whole resawing business of the west half of the city of New York. At the time the plaintiffs purchased such interest, the defendants Nichols and Robbins owned a right to use one of the machines in said district, and the plaintiffs, in order to render their interest in the patent profitable, purchased from those defendants, in January, 1865, all their interest under the patent, paying a considerable sum of money therefor. In December, 1866, those defendants made an arrangement with the defendant Frame, to put into operation, in their place of business, which was directly opposite the place of business of the plaintiffs, a machine substantially like the patented machine. Frame set up the machine, and the other defendants furnished him with power to run it, and the profits of running it were divided between them. The defendants also cut down the price of resawing from $4.00 per thousand feet, to $2.50 per thousand feet, and divert-

ed many customers from the plaintiffs' establishment to their own. The plaintiffs were obliged to reduce the price of their resawing to $3.00 per thousand feet. The defendants were, at the very commencement, notified by the plaintiffs not to use the infringing machine, and threatened with a suit. After fruitless negotiations for an arrangement, this suit was brought. It was defended by a combination of infringers, formed by the defendants, who made up a common purse to resist the rights of the plaintiffs, and of other owners of rights under the patent. The trial of the suit was delayed by the defendants. At the trial, the plaintiffs proved, that the defendants had diverted from them up to December, 1868, a large specified quantity of lumber, on which the plaintiffs lost a profit of $2.00 per thousand feet; that, by reason of the reduction, by the plaintiffs, of the price of resawing, caused by the infringement, the plaintiffs had lost the sum of $1.00 upon every thousand feet of a specified quantity of lumber, which they had themselves sawed; and that such damages in all amounted to over $8,000. Large amounts of business had been diverted by the defendants from the plaintiffs, of which the plaintiffs could not prove the particulars, because they were known only to the defendants. The plaintiffs incurred an expense, in conducting this suit, of upwards of $1,500. Since the trial in this suit, the patent had been sustained, on final hearing, in a suit in equity, in this court, against these defendants (Myers v. Frame [Case No. 9,991]), at a further expense to the plaintiffs of $800.

Frederic H. Betts, for plaintiffs.
Keller & Blake, for defendants.

WOODRUFF, Circuit Judge. I regarded the conduct of the defendants, as disclosed on the trial, as peculiarly aggravated, and find no reason for changing my opinion. The damages ought to be increased by a sum sufficient to cover the expenses of the trial, and something more, for the time and trouble of the plaintiffs. Let the damages be increased to $7,500.

[Subsequently the case was heard upon a motion for the allowance of costs. Case No. 10,904.]

[For other cases involving this patent, see note to Myers v. Frame, Case No. 9,991.]