This was a suit by William M. Welling against John H. La Bau for infringement of a patent.   The report of the master in favor of the complainant was, on the 25th of February, 1888, confirmed, and the defendant's exceptions thereto were overruled.   34 Fed. Rep. 40.   See, also, 12 Fed. Rep. 875, 32 Fed. Rep. 293, and *infra.*   The defendant now moves for a rehearing upon the sole ground that the court fell into ·error in not sustaining the exception to the master's third finding of fact, which is as follows: "That the said white checks so manufactured and sold by the defendant, assuming the fiber white to be talc, contained shellac and talc in substantially equal parts."

*Frederic H. Betts*, for complainant.

*Lucien Birdseye* and *James C. Cloyd*, for defendant.

---

WELLING *v.* LA BAU.

(*Circuit Court, S. D. New York.   June 19, 1888.*)

1. PATENTS FOR INVENTIONS — INFRINGEMENT — MOTION TO INCREASE DAMAGES — EVIDENCE.
    Where, in a suit for infringement, for the first time upon the hearing of exceptions to a master's report upon the accounting the objection has been presented that the reissue patent is void, and, the original patent not having been put in evidence, the court has held that though the reissue is manifestly void the evidence cannot be considered because of the inexcusable laches of defendant in failing to present it to the court at an earlier day, yet on motion for the court, in its discretion, to increase the damages under Rev. St. U. S. §§ 4919, 4921, the fact that the patent is void should be taken into consideration.

2. SAME—VEXATIOUS LITIGATION.

In a suit for infringement of a patent, where the defense, though active and annoying to complainant, has not been, in a legal sense, wanton or unjustifiable, the defendant having unquestionably considered himself in the right and having acted fairly and honestly towards his adversary, a motion for the court to increase the damages, as it is allowed in its discretion to do, under Rev. St. U. S. §§ 4919, 4921, should not be granted.

In Equity.

On motion to increase the damages for infringement of complainant's letters patent under Revised Statutes of the United States, sections 4919 and 4921, referred to in the opinion, section 4919 provides:

"Damages for the infringement of any patent may be recovered by action on the case in the name of the party interested, either as patentee, assignee, or grantee, and whenever in any such action a verdict is rendered for the plaintiff, the court may enter judgment thereon for any sum above the amount found by the verdict as the actual damages sustained, according to the circumstances of the case, not exceeding three times the amount of such verdict, together with the costs."

Section 4921 provides, among other things, as follows:

"Upon a decree being rendered in any such case for an infringement, the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby; and the court shall assess the same or cause the same to be assessed under its direction. And the court shall have the same power to increase such damages, in its discretion, as is given to increase the damages found by verdicts in actions in the nature of actions of trespass upon the case."

*Frederick H. Betts*, for complainant.

*Lucien Birdseye* and *James C. Cloyd*, for defendant.

COXE, J. This is a motion to increase the damages in an equity action for the infringement of a patent, under sections 4919, 4921, Rev. St. The facts appear sufficiently in 12 Fed. Rep. 875, 32 Fed Rep. 293, 34 Fed. Rep. 40, and *ante*, 301.

The complainant bases the application upon the long pendency of the controversy, the persistent resistence of the defendant, the voluminous record, and the large sums, in all $6,738, paid by complainant in the prosecution of the suit. It is also argued that the master's report is most conservative, and it is obvious from the testimony that the complainant has suffered enormous damages, for which no compensation is given, owing to the difficulty of making legal proof thereof. On the other hand, it is urged that the delay in terminating the controversy was not attributable to any fault of the defendant; that the propriety and wisdom of the defense interposed by him is demonstrated by the fact that, although the bill was based upon six patents, the complainant succeeded upon one only, and that one is now conceded to be void. The defendant insists further that he was warranted in contesting the proceedings before the master, as shown by the fact that the complainant, though seeking to recover upon a great number of articles manufactured by the defendant, was limited by the master to a subdivision of a single variety of goods. Although the defense that the patent was void as a reissue was set up in the answer, the original patent was not put in evidence. The court,

upon the hearing of the exceptions to the master's report, decided that the reissue was manifestly void, but that it was then too late to consider the evidence, for the reason that the defendant had been guilty of inexcusable laches in not presenting it to the court at an earlier day: But when the court is asked to exercise an exceptional discretion, and compel the defendant to pay extraordinary damages, it is surely the duty of the court to take into consideration the fact that the patent upon which the application is founded is void, even though the proof which demonstrates its invalidity is then, for the first time, brought to the attention of the court. Upon other grounds, also, the motion must be denied. It is true that this litigation has been protracted, laborious, and expensive. It is true that complainant's decree is not compensative, when compared with the labor put forth in obtaining it. But it is thought that the defendant's course, though annoying to the complainant, was not, in a legal sense, wanton, unjustifiable, or vexatious. There was no moment when the defendant could with safety have abandoned the contest, or been less active in his defense. The proceedings before the master were animated and unusually complicated, but this was due more to the nature of the controversy than to the conduct of either party It cannot be said that the defendant acted in bad faith. The issues before the master were sharply drawn. The testimony was evenly balanced. The defendant unquestionably considered himself in the right, and was justified in pressing his views upon the attention of the master and the court. The mere fact that a defense is unsuccessful does not warrant the court in punishing the defendant for interposing it. If he acts fairly and honestly in resisting the demands of his adversary, he does nothing worthy of censure, even though the debatable ground is contested inch by inch. On the contrary, where it is apparent that the defendant has been acting fraudulently and in bad faith; that he has been "stubbornly litigious;" that his defense is without merit, and is interposed for delay, or to harass and, injure the plaintiff and cause him unnecessary annoyance and expense; where, in other words, the defendant's conduct is unlawful, unconscionable, and deserves punishment,—the statutory relief should be given. Unless the cause is one of exceptional hardship, the motion should not be granted. *Zane* v. *Peck*, 13 Fed. Rep. 475; *Schwarzel* v. *Holenshade*, 3 Fish. Pat. Cas. 116; *Brodie* v. *Mining Co.*, 4 Fish. Pat. Cas. 137; *Guyon* v. *Serrell*, 1 Blatchf. 244; *Sanders* v. *Logan*, 2 Fish. Pat. Cas. 167; *Livingston* v. *Woodworth*, 15 How. 546; *Peek* v. *Frame*, 9 Blatchf. 194. The limited number of reported cases upon this subject is of itself proof of the care with which the courts have exercised the discretion given by the statute. The motion is denied.